### CRAWFORD vs. LOUISIANA STATE BANK.

The holder of a bill cannot excuse himself from the neglect to give the person who

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court. This case was formerly before the court,

brought up on certain bills of exceptions, re-
quiring a discussion as to its legal principles,
which were then settled ; and, in our opinion,
correctly ; nothwithstanding, the judge of the
district court seems still to hold a contrary doc-
trine.

In the last trial, special facts were submit-
ted to a jury by both parties to the suit, for
their finding. They found in favor of the
plaintiff; established, beyond a doubt, his
right to recover the sum by him claimed, in
pursuance of the principles of law recognised
in our former opinion. *Ante*, 214.

On the part of the defendants, three facts
were submitted ; two of which were nega-
tived by the jury ; and the finding of the third,
does not aid their defence.

Want of funds in the hands of a drawee, by
a drawer of a bill of exchange, may, in some
instances, excuse the holder for neglect in giv-
ing notice of non-acceptance ; because the
principal reason, on which the usage of com-
merce is founded, that requires notice to draw-
ers of bills of their dishonor, is, that they may
take means to secure themselves against the
persons on whom they have drawn ; for the
legal presumption always is, that the latter is

East'n. District
*Dec.* 1823.

CRAWFORD
*vs.*
LOUISIANA
STATE BANK.

placed it in his
hands for col-
lection, notice
of acceptance
being refused,
on the ground
that the draw-
er had no funds
in the hands of
the drawee.

East'n District.
Dec. 1823.

CRAWFORD
vs.
LOUISIANA
STATE BANK.

in possession of the funds of the former. But this is a circumstsnce that cannot excuse a holder of a bill for the mere purpose of collection, from giving notice to the owner and payee, of non acceptance ; for this notice or information is necessary to him, to enable him to secure the debt by pursuing the drawer.

Now, if one person undertakes to act for another, and fails to do the very thing which his agency requires, the agent cannot be considered as having used ordinary care and diligence, but, on the contrary, must be viewed as grossly negligent ; and, consequently, responsible for all damages to his principal, arising out of such negligence.

The jury have found, that the appellee might have secured payment of his debt, from the drawer, if he had received reasonable notice of the dishonor of this bill. The circumstance of its having been drawn so many days after date, if presented for acceptance, as in the present case, does not excuse notice of a refusal to accept ; although, when no such presentment is previously made, perhaps ho ding a bill of this kind over until the period of its becoming due, would not be considered laches in the holder.

East'n District.
*Dec.* 1823.

CRAWFORD
*vs.*
LOUISIANA
STATE BANK.

The appellee claims damages on account of the appeal being frivolous, and evidently taken for delay only. We do not think the case, as exhibited by the record, so clearly devoid of any grounds of contestation as to give it the character assumed by the plaintiff. It is enough for the defendants to lose the amount of the bill, being to them an entire loss.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed, with costs.

*Duncan* for the plaintiff, *Livermore* for the defendants.